# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAMIAN M. JONES,

        Petitioner,

v.

GREG SKIPPER,

        Respondent.

Case No. 18-12586
Hon. Terrence G. Berg

## OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE (Dkt. 2), AND ADMINISTRATIVELY CLOSING CASE

Damian M. Jones ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Wayne County Circuit Court convictions of first-degree murder and commission of a felony with a firearm.

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U. S. 270, 275–78 (1971). Petitioner asserts that he presented five claims on direct appeal in the Michigan Court of Appeals following his conviction. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on direct appeal. *People*

1

*v. Jones*, No. 32813 (Mich. Ct. App. Nov. 17, 2016); *People v. Jones*, No. 155061 (Mich. Sup. Ct. May 31, 2017) (Table).

Petitioner states that he has an additional claim concerning the effective assistance of his trial counsel that he wishes to raise in a state post-conviction review proceeding before seeking federal habeas review. He further asserts that during the past year he has been attempting to obtain a copy of his trial file from his trial counsel to support his claims, but his attempts have been thwarted. He requests that the Court stay the case while he pursues state post-conviction review.

To avoid running afoul of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

Petitioner's request is well founded, so the Court will hold the petition in abeyance. Petitioner must exhaust his new claim in state court by filing a motion for relief from judgment in the Wayne County Circuit Court within 60 days of the date of this order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See, e.g., Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Further, within 60 days

of exhausting his state court remedies, he must ask this Court to lift the stay. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that a copy of this order be served upon Respondent.

   **SO ORDERED.**


Dated: March 13, 2019   s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 13, 2019, and unrepresented parties were served via postal mail.

s/A. Chubb
Case Manager
